IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED M. FRANKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-01711-JPG |
| | ) |
| **MONROE COUNTY JAIL,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This matter is before the Court for case management. On September 3, 2025, this case was opened upon receipt of Plaintiff Jared M. Franke's civil rights complaint against Monroe County Jail for constitutional deprivations stemming from his allegedly unconstitutional conditions of confinement. (Doc. 1). Plaintiff failed to sign the complaint. *Id*. He also failed to prepay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* (IFP motion).

This Court sent Plaintiff several Orders regarding the action. (Docs. 2, 3, and 4). In one, the Court advised Plaintiff of his obligation to either prepay the filing fee of $405.00 or file an IFP motion and ordered him to do so by October 2, 2025. (Doc. 3). Plaintiff was warned that the action would be dismissed for failure to comply with this Order. *Id*. In another, the Court ordered Plaintiff to file a properly signed Complaint and either prepay the $405.00 filing fee or file an IFP motion by October 2, 2025. (Doc. 4). Plaintiff was again warned that failure to comply with the Order(s) would result in dismissal of this action. *Id*.

In a third, the Court ordered Plaintiff to sign and return a Notice and Consent/Non-Consent to Proceed Before a Magistrate Judge Jurisdiction Form ("Consent/Non-Consent"). (Doc. 2). When he missed the deadline for filing his Consent/Non-Consent, the Court entered an Order to

1

Show Cause why this case should not be dismissed. (Doc. 6). Plaintiff's response was due on or before October 2, 2025. *Id*. Plaintiff was again warned that failure to respond by the deadline would result in dismissal of the action. *Id*.

To date, Plaintiff has not filed a signed Complaint, Consent/Non-Consent, or IFP motion. In addition, he has not paid the filing fee for this action. His mail has been returned to the Court undelivered. (Docs. 2, 3, and 5). And, he has not requested an extension of any deadlines. By all indications, Plaintiff has abandoned his claims. The Court will not allow this matter to linger.

## Disposition

The unsigned Complaint (Doc. 1) is **STRICKEN**, and this case is **DISMISSED without prejudice** based on Plaintiff's failure to comply with the Court's Orders (Docs. 2-4, and 6) and his failure to prosecute the claims herein. FED. R. CIV. P. 41(b). Plaintiff incurred the obligation to pay a filing fee for this action on the date he filed the Complaint, and he remains obligated to pay the fee of $405.00.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 9, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
